**D/S A/S SVERRE, Appellant,**

v.

**TEXPORTS STEVEDORE CO., Inc.,**
**Appellee.**

**No. 24051.**

United States Court of Appeals
Fifth Circuit.

Jan. 9, 1968.

Edward W. Watson, Galveston, Tex., for appellant, Eastham, Watson, Dale & Forney, Galveston, Tex., of counsel.

E. D. Vickery, Houston, Tex., for appellee, Royston, Rayzor & Cook, Houston, Tex., of counsel.

Before TUTTLE and GEWIN, Circuit Judges, and HUNTER, District Judge.

PER CURIAM:

This appeal complains of a dismissal of a libel filed by the shipowner, Sverre, against contract stevedores, Texports Stevedore Co., Inc., to recover indemnity for amounts required to be paid by Sverre to a longshoreman because of injuries received by him while working on the shipowner's boat. The only serious question raised here was whether there was sufficient evidence before the trial court which would warrant its finding that the conduct on the part of the shipowner was such as would preclude its recovery of indemnity against a contract stevedore. The district court found there was no breach by the stevedore of its warranty of workmanlike service, and, therefore, no warranty breach as proximate cause of Maples' injury, and the court further found conduct by the shipowner sufficient to preclude its recovery of indemnity.

Having carefully considered the evidence as to the construction of the access into the hold, described by the trial court as one "that I have never seen a more dangerous access way than these exhibits in here show this one to have been," we cannot reverse as clearly erroneous the trial court's judgment that "it is just exactly the sort of conduct that precludes the shipowner from recovery * * *."

The judgment is affirmed.